FILED'11 FEB 09 16:50usdc-ore

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TERENCE RAMSEY & CHRISTOPHER
BALL,

                                    Plaintiffs,

v.

GREAT WESTERN CORPORATION &
RICHARD WANKE,

                                    Defendants.
_____

10-cv-06382-TC


FINDINGS AND RECOMMENDATION

COFFIN, Magistrate Judge:

Plaintiffs filed this retaliation and wrongful discharge action in state court. On November 16, 2010, defendants removed this action to federal court based on diversity jurisdiction. Currently before me is plaintiffs' motion to remand this action back to state court and for attorney's fees. For the reasons outlined below, I recommend that this court grant plaintiffs' motion.

In considering plaintiffs' motion for remand under 28 U.S.C. § 1447(c), I must examine whether this court has subject matter jurisdiction over this case under 28 U.S.C. § 1332. In order for jurisdiction to exist under section 1332, the amount in controversy must exceed the sum or value

Page 1 - FINDINGS AND RECOMMENDATION

of $75,000 and the parties citizenship must be diverse–in other words, the parties–both individuals and corporations must citizens of different states. 28 U.S.C. § 1332 (a).

To determine an individual's citizenship, a court looks to where the individual is domiciled. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id.

For purposes of determining diversity of citizenship, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Id. at §1332(c)(1). "A corporation's principal place of business is defined as a place where the corporation's highest level officers direct, control and coordinate the corporation's activities, also known as the nerve center." The Hertz Corp. v. Melinda Friend et al, __ US __, 130 S.Ct. 1181, 1186 (2010). "If the record reveals attempts at manipulation- for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat - the court should instead take as the 'nerve center' the place of actual direction, control, and coordination, in the absence of manipulation. Id. at 1192. Further, when a court grants a motion to remand, 28 U.S.C. § 1477 (c) provides that the court may require payment of just costs and actual expenses, including attorney fees and costs incurred.

**Discussion**

**I.    Diversity**

Plaintiffs argue that the court should remand this case because plaintiffs and all defendants are citizens of Oregon. Thus, the parties are not diverse. In support of their contention, plaintiffs state that defendant Great Western Corporation (GWC) is registered with the Oregon Secretary of

Page 2 - FINDINGS AND RECOMMENDATION

State and certified that its principle place of business is Bend, Oregon. (dkt. 8, ex. 1). Plaintiffs state that defendant Richard Wanke (Wanke) is an Oregon citizen–despite holding a Washington driver's license, because Wanke and his family have lived on the Oregon coast since the mid-1990's. Plaintiffs have provided address and telephone data for Wanke which was discovered by a private investigator. (dkt. #7). Plaintiffs have also included exhibits which indicate that Wanke's children graduated from high school in Oregon. (dkt. #8, exs. 11-12).

Defendants counter that due to the nature of GWC's business–specialized construction consulting work, it does not have a headquarters or a nerve center. Instead it has temporary offices at project sites. Defendants argue that its citizenship is in Washington because it is a "Washington corporation and maintains a permanent yard in Washington for the equipment that it uses," for which Wanke pays a utility bill. (dkt. #9 at 3). Further, defendants contend that GWC is a Washington citizen because it is directed, controlled, and coordinated by Wanke, who defendants argue, is himself a Washington citizen. Defendants contend that Wanke is a Washington citizen because he has continued and maintained ties to the state of Washington, returns frequently to a 38 foot "fifth wheel" trailer in Vancouver, Washington and maintains the previously mentioned permanent equipment yard. (dkt. #9 at 4; dkt #10 at ¶ 12).

Plaintiffs reply argues that defendants have failed to prove Washington citizenship for either GWC or Wanke. Plaintiff notes that when GWC registered in Alaska, Wanke attested that the corporation's principle office was in North Bend, Oregon. (dkt. #10, ex. B) Further, plaintiff provides evidence that, at the time this case was filed and for several years prior, GWC took phone calls and received faxes in Oregon. (dkt. #8, exs. 2-9).

Page 3 - FINDINGS AND RECOMMENDATION

After carefully considering the parties submissions and exhibits, I find that defendants have not met their burden of demonstrating that complete diversity exists. Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

A lack of residence in a State for the purposes of establishing a domicile raises questions because the result is a U.S. citizen not domiciled in any State is "stateless" for the purposes of section 1332(a)(3) and thus destroys complete diversity. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828-829 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."). Defendant states that Wanke does not have a permanent home (dkt. #9 at 4), instead living temporarily at job sites in RVs or trailers.   "Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile." Weible v. United States, 244 F.2d 158, 163 (9th Cir.1957). A person's domicile is distinct from residency and the diversity statute speaks of citizenship not residency: a person's domicile is determined by that person's "permanent home, where she resides with intention to remain or to which she intends to return." Kantor v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir.2001).

Here, the record conflicting evidence as to Wanke's domicile. Evidence supplied by plaintiffs (dkt. #7) indicates that Wanke maintained a P.O. Box in South Beach, Oregon, Oregon phone numbers, and that Wanke's children graduated from an Oregon high school. Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986)(recognizing that determination of an individual's domicile involves a number of relevant factors (no single factor controlling) including: current residence, voting

Page 4 - FINDINGS AND RECOMMENDATION

registration, voting practices, location of personal and real property, location of bank accounts, location of spouse and family, place of employment, business, driver's license and car registration). In light of this, I do not find that Wanke's Washington driver's license, voting registration and practices, residence for tax purposes, bank account and future intention to move to Washington state are sufficient to establish domicile. This is especially true because the Washington residence listed on Wanke's driver's license is, according to the County Assessor's office, a vacant lot (and according to Wanke's own declaration, his "residence" in Washington is a "fifth wheel trailer"). I find that the evidence of Wanke's family's location in Oregon coupled with his tenuous ties to Oregon and lack of demonstration of Wanke's intent to remain in any place indefinitely, defendants have not met their burden of persuasion by evidence establishing complete diversity. Thomson, 315 U.S. at 446 (1942) ("Accordingly, if a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof.").

Similarly, I find that defendants have not met their burden of establishing that GWC is a Washington Corporation. The evidence supplied by plaintiff indicates that GWC's principle place of business is Bend, Oregon. For example, Oregon is listed as GWC's principle business office on its Alaska Certificate of Authority (doc. #10, ex. B) and in Oregon's business registry. (dkt. 8, ex. 1). GWC's web page advises that the content's copyright belongs to "Great Western Company, North Bend, Oregon." In short, the record clearly shows that despite the transitory nature of this construction business, its principle office is located in North Bend, Oregon.

For these reasons, I find that the parties are not diverse and the court lacks subject matter jurisdiction under 28 U.S.C. § 1332. I recommend that the court remand this matter to state court.

## II.    Fees and Costs

28 U.S.C. § 1447(c) provides that a litigant may obtain a remand to state court when a case has been improperly removed.  The statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  A district court has discretion to award fees under the statute.  <u>Gotro v. R&B Realty Group</u>, 69 F.3d 1485 (9th Cir. 1995).

Plaintiffs seeks $490 in costs and fees, which are supported by a statement for legal services, a copy of plaintiffs' counsel's resume (dkt. #13, exs. 19-20) and plaintiffs' counsel's representations in plaintiffs' reply brief.  Defendants oppose an award of costs, arguing that removal was reasonable and that plaintiffs' fee request is unsupported and misleading.  Specifically, defendants note that plaintiffs' filed an identical motion to remand in another case which is pending in this district's Portland division.  Plaintiffs' counsel represents that he has not double billed in these two cases.  His "Statement for Legal Services" indicates that he billed 0.7 hours for revising the motion to remand, memorandum, and supporting papers that he filed in the Portland case.

Based on the record, I find that defendants had no reasonable basis for remand and an award of $490 in fees is reasonable.

### Conclusion

I recommend that this court grant plaintiffs' motion to remand. I recommend that the court award plaintiffs $490 in attorney's fees and costs.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the

right to appeal the District Court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). If no

objections are filed, review of the Findings and Recommendation will go under advisement on that

date.  If objections are filed, any party may file a response within fourteen days after the date the

objections are filed. Review of the Findings and Recommendation will go under advisement when

the response is due or filed, whichever date is earlier.

        DATED this ____ day of February 2011.


                                                    _____
                                                    THOMAS M. COFFIN
                                                    United States Magistrate Judge




Page 7 - FINDINGS AND RECOMMENDATION